

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIM Y. SMITH,                                     §
                                                  §
         Plaintiff,                               §
                                                  §
v.                                                §          Civil Action No. 3:06-CV-1213-N
                                                  §
XEROX CORPORATION,                                §
                                                  §
         Defendant.                               §

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

Do not let bias, prejudice, or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in

COURT'S CHARGE – PAGE 1

the community and holding the same or similar stations in life. The law does not give special treatment to any person. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict regardless of the consequences.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and the stipulated facts. Stipulated facts must be regarded as proven facts. The term "evidence" does not include anything that I have instructed you to disregard.

Evidence admitted before you for a limited purpose may not be considered for any purpose other than the limited purpose for which it was admitted.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. However, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question contained an assertion of fact that the witness did not adopt, the assertion is not evidence of that fact. You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to

COURT'S CHARGE – PAGE 2

the testimony, as it is their duty to do so, and it is the duty of the Court to rule on those objections in accordance with the law.

You are not bound by any opinion that you might think I have concerning the facts of this case, and if I have in any way said or done anything that leads you to believe that I have any opinion about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions to you should suggest or convey an intimation as to what verdict I think you should find.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such as by an eyewitness or in a document. "Circumstantial evidence" is proof of a chain of facts and circumstances that, without going directly to prove the existence of an essential fact, gives rise to a logical inference that such fact does actually exist. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

COURT'S CHARGE – PAGE 3

You are the sole judges of the "credibility" or believability of each witness and the weight or significance to be given to the witness's testimony.  In weighing the testimony of a witness, you should consider the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness's testimony has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness, in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, that is inconsistent with the witness's present testimony.  If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately.

So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he or she is called an expert witness – is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

Unless you are instructed otherwise, Plaintiff has the burden of proving each essential element of her claims by a preponderance of the evidence.  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  To establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.  If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant on that claim.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

COURT'S CHARGE – PAGE 5

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.

The acts of a company also include the acts of any employee of that company acting in the furtherance of the business of that company.

## DISCRIMINATION

QUESTION NO. 1:

Were either Plaintiff's sex or age a motivating factor for Defendant's termination of

Plaintiff?

Answer "Yes" or "No" for

a.    sex

_____ *NO* _____

b.    age

_____ *NO* _____

INSTRUCTIONS FOR QUESTION NO. 1:

1.    Plaintiff claims she was discriminated against because of her sex and/or age.

2.    Defendant denies Plaintiff's claims and contends Defendant terminated
Plaintiff because of her job performance.

3.    It is unlawful for an employer to discriminate against an employee because of
the employee's sex and/or age.

4.    To prove unlawful discrimination, Plaintiff must prove by a preponderance of
the evidence that Plaintiff's sex and/or age was a motivating factor for Defendant's
termination of Plaintiff.

5.    A "motivating factor" in an employment decision is a reason for making the
decision at the time it was made.  There may be more than one motivating factor for an
employment decision.

COURT'S CHARGE – PAGE 7

6.      Plaintiff does not have to prove that unlawful discrimination was the only

reason Defendant terminated Plaintiff.

7.      If you disbelieve the reason(s) Defendant has given for its decision, you may

infer Defendant terminated Plaintiff because of her sex and/or age.

## RETALIATION

QUESTION NO. 2:

Was Plaintiff's EEOC charge a motivating factor for Defendant's termination of Plaintiff?

Answer "Yes" or "No":


_____ yes _____

INSTRUCTIONS FOR QUESTION NO. 2:

1.      Plaintiff claims she was retaliated against for engaging in activity protected by federal employment laws.

2.      Defendant denies Plaintiff's claims and contends that Defendant terminated Plaintiff because of her job performance.

3.      It is unlawful for an employer to retaliate against an employee for engaging in activity protected by federal employment laws.

4.      To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Plaintiff's EEOC charge was a motivating factor for Defendants termination of Plaintiff.

5.      A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

6.      Protected activity includes making a charge to the EEOC.

7.      Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant termination of Plaintiff.

8.      If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant terminated Plaintiff because she engaged in protected activity.

**DEFENSE**

If your answer to any part of Question No. 1 or Question No. 2 is "yes," then answer the following question.  Otherwise do not answer the following question.

QUESTION NO. 3:

Has Defendant proven by a preponderance of the evidence that it would have made the same decision to terminate Plaintiff even if it had not considered Plaintiff's sex, age, or EEOC charge?

Answer "Yes" or "No":

_____ *NO* _____

INSTRUCTIONS FOR QUESTION NO. 3:

If you find in Question Nos. 1 or 2 that Plaintiff's sex, age, or EEOC charge was a motivating factor in Defendant's decision to terminate Plaintiff, even though other considerations were factors in the decision, then you must determine whether Defendant proved by a preponderance of the evidence it would have made the same decision even if Defendant had not considered Plaintiff's sex, age, or EEOC charge.

COURT'S CHARGE – PAGE 11

**WILLFUL**

If your answer to Question No. 1.B is "yes," and your answer to Question No. 3 is "no," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 4:

Was Defendant's termination of Plaintiff "willful"?

Answer "Yes" or "No":

_____

INSTRUCTIONS FOR QUESTION NO. 4:

If you find Plaintiff's age was a motivating factor for Defendant's termination of Plaintiff, then you must also determine whether Defendant's action was "willful." To establish willfulness, Plaintiff must also prove that, when Defendant terminated Plaintiff, Defendant either (a) knew that its conduct violated the Age Discrimination in Employment Act ("ADEA"), or (b) acted with reckless disregard for compliance with the ADEA.

If your answer to either Question Nos. 1.A or 2 is "yes," and your answer to Question No. 3 is "no," then answer the following question.  Otherwise do not answer the following question.

QUESTION NO. 5:

Did Defendant engage in the discriminatory practice that you have found in answer to either Question Nos. 1.A or 2 with malice or with reckless indifference to the right of Plaintiff to be free from such practices?

Answer "yes" or "no":

_____yes_____

INSTRUCTIONS FOR QUESTION NO. 5:

"Malice" means a specific intent by Defendant to cause substantial injury or harm to Plaintiff.

"Reckless indifference" means the actor knew or should have known that the consequences of his or her actions would be to discriminate and/or retaliate against Plaintiff.

COURT'S CHARGE – PAGE 13

If your answer to Question No. 5 is "yes," then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 6:

Has Defendant proven by a preponderance of the evidence that Defendant made a good-faith effort to prevent such discrimination or retaliation as found by you in Question Nos. 1.A or 2 in Defendant's workplace?

Answer "yes" or "no":

_____ *NO* _____

## DAMAGES

If Plaintiff proves her claims by a preponderance of the evidence, you must determine the damages to which she is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that Plaintiff is entitled to recover money from the Defendant.

If you find that the Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole – that is, to compensate Plaintiff for the damage that Plaintiff has suffered.

You may award compensatory damages only for injuries that Plaintiff proves were caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that

Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

If your answer to any of Question Nos. 1 or 2 is "yes," and your answer to Question No. 3 is "no," then answer the following question.  Otherwise do not answer the following question.

QUESTION NO. 7:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for her damages, if any, that resulted from Defendant's termination of Plaintiff?

Consider the following element of damages and no other:

1.    back pay

"Back pay" is that amount of wages and employment benefits that Plaintiff would have earned if she had not been subjected to her employer's unlawful conduct less any wages, unemployment compensation benefits or workers' compensation benefits she received in the interim.

Do not include in your answer any amount that you find Plaintiff could have earned by exercising reasonable diligence in seeking and retaining other employment.

Answer in dollars and cents for damages, if any:

Answer:  67,500. 00

## JURY DELIBERATION

The fact that I have given you in this charge instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

Your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if you are convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge and the attorneys present their closing arguments, you will retire to the jury room. I will send to you exhibits that have been admitted into evidence. You will first select one member of the jury to act as presiding juror. The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. For example, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

COURT'S CHARGE – PAGE 18

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict.  The court security officer will deliver the verdict to me.

During your deliberations the Court will honor any reasonable work schedule you may set and will honor your reasonable requests regarding how frequently you wish to recess and for how long.

If, during your deliberations, you desire to communicate with me, your presiding juror should state your message or questions in writing, sign it, and pass the note to the court security officer, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you in person.  If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

SIGNED this ____ day of January, 2008.

David C. Godbey
United States District Judge

COURT'S CHARGE – PAGE 19