

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM Y. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1213-N |
| | § | |
| XEROX CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### COURT'S SUPPLEMENTAL CHARGE TO THE JURY

#### AMOUNT OF EXEMPLARY DAMAGES

QUESTION NO. 8:

What sum of money, if any, should be assessed against Defendant and awarded to Plaintiff as exemplary damages for the conduct found by you in your answer to Question No. 5 to be done with malice or with reckless indifference?

Answer in dollars and cents, if any:

_250,000.00_

INSTRUCTIONS FOR QUESTION NO. 8:

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment. The law does not require you to award exemplary damages, however, if you decide to award exemplary damages, you must use sound reason in setting the amount of the damages. The amount of an award of exemplary damages must

COURT'S CHARGE – PAGE 1

not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of exemplary damages.

In determining the amount of exemplary damages you should consider evidence, if any, relating to:

    a.    the nature of the wrong;

    b.    the character of the conduct involved;

    c.    the degree of culpability of the wrongdoer;

    d.    the situation and sensibilities of the parties concerned;

    e.    the extent to which such conduct offends a public sense of justice and propriety; and

    f.    the net worth of defendant.

SIGNED this 31 day of January, 2008.

_____
David C. Godbey
United States District Judge

COURT'S CHARGE – PAGE 2