IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM Y. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1213-N |
| | § | |
| XEROX CORP., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This Order addresses Plaintiff Kim Y. Smith's motion for front pay damages [102] and motion for attorneys' fees [103]. For the reasons provided below, the Court denies Smith's motion for front pay damages and grants in part Smith's motion for attorneys' fees.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Smith brought this action against Defendant Xerox Corporation ("Xerox"), alleging causes of action for gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and retaliation. After trial, the jury returned a verdict against Smith on her two discrimination claims and in favor of Smith on her retaliation claim. The jury awarded compensatory damages in the amount of $67,500 and exemplary damages in the amount of $250,000.

## II. SMITH IS NOT ENTITLED TO FRONT PAY DAMAGES
## BECAUSE SHE HAS ALREADY BEEN MADE WHOLE

The Court first finds that Smith is not entitled to front pay damages because she has already been made whole by the jury's verdict. The decision to award front pay damages "is governed by the district court's discretion and is not always appropriate." *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108, 112 (5th Cir. 1988). As a general rule, "[f]ront pay is awarded to meet the goal of Title VII to make whole the victim of discrimination." *Id.* Accordingly, "a substantial liquidated damage award may indicate that an additional award of front pay is inappropriate or excessive." *Hadley v. VAM P T S*, 44 F.3d 372, 376 (5th Cir. 1995) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992)) (holding that this rule applies equally to claims brought under Title VII and the ADEA).

Here, the Court finds that front pay damages are not appropriate, in light of the jury's award of $250,000 in exemplary damages and the small disparity in compensation between Smith's current[1] and former employment. The trial record contains very little evidence addressing the compensation gap between Smith's former employment with Xerox and her current employment. What evidence there is, however, suggests that the gap, if one exists at all, is substantially less than the jury's award of $250,000 in exemplary damages.[2]

---

[1]Smith has informed the Court that, after trial, her employer notified her that she would be laid off as part of a nationwide reduction in its workforce. This new information, outside the trial record in this case, does not change the Court's analysis and holding.

[2]Essentially the only evidence in the trial record addressing front pay is the testimony of Smith's expert witness that the difference in compensation (both wages and benefits) between Smith's former and current employment is "somewhere between 1500 and 2000 [dollars] a month." As Xerox points out, however, Smith's expert also admitted on cross

ORDER – PAGE 2

Accordingly, the Court's finds that an award of front pay damages in this case would be unnecessary and excessive because Smith has already been made more than whole by the jury's verdict. *See Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 781 (S.D. Tex. 2007) ("[T]he Court declines to award front pay because [the plaintiff] received a substantial liquidated damage award that is sufficient to compensate him for the wages and benefits he would have received if he had not been terminated.").

### III. SMITH IS ENTITLED TO A REASONABLE AWARD OF ATTORNEYS' FEES

The Court next awards Smith attorneys' fees. Plaintiffs who bring successful claims under Title VII or the ADEA are entitled to an award of attorneys' fees. *See* 42 U.S.C. § 2000e-5(k); 29 U.S.C. § 626(b). In determining how much to award when a statute authorizes the recovery of attorneys' fees, courts first calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). The court then increases or decreases this lodestar amount based on a number of factors, including: (1) the time and labor required to litigate the case, (2) the novelty and difficulty of the questions involved, (3) the skill required to litigate the case, (4) whether taking the case precluded the attorney from other employment, (5) the customary fee for similar work in the community, (6) the fee or percentage of recovery the attorney quoted to the client, (7)

---

examination that in his expert report he "chose to set [front pay damages] aside" because he "felt uncomfortable with [his] ability to come up with a number that [he] could present in deposition or in court." Regardless, the jury's award of exemplary damages exceeds the total amount of front pay damages that Smith requests by more than $50,000.

ORDER – PAGE 3

whether the client or case required expedited legal work, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirabilty" of the case, (11) the nature and length of the attorney-client relationship, and (12) awards made in similar cases (hereinafter, "the *Johnson* Factors"). *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

    Here, Smith requests $545,967.50 in attorneys fees, which the Court takes as the lodestar amount. The Court concludes, however, that a number of the *Johnson* Factors weigh in favor of substantially reducing this lodestar amount. First, the Court notes that Smith succeeded on only one of her three claims. "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount[,] . . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Wright v. Blythe-Nelson*, No. 3:99-CV-2522-D, 2004 WL 2870082, at *7-8 (N.D. Tex. Dec. 13, 2004) (reducing the lodestar amount by 50% where plaintiff only succeeded on one claim of many). In addition, the Court notes that Smith hired five attorneys (four of whom were partners) and two paralegals to handle what was essentially a run-of-the-mill employment discrimination case. The Court finds that Smith substantially overstaffed her legal team, given that the case gave rise to no complex or novel issues and was brought on behalf of only a single plaintiff. Accordingly, the Court must reduce the lodestar amount to take into account any duplication of effort that resulted from the size of Smith's legal team. *See Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d

761, 768 (5th Cir. 1996) ("If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." (quoting *Johnson*, 488 F.2d at 717)). Furthermore, the Court notes that, although it is well established that an existing fee agreement is not a cap on recovery, *see Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989), the fee agreement between Smith and her attorneys calls for a payment substantially less than what Smith now requests. The Court finds that this contingency fee arrangement provides compelling evidence of Smith's attorneys' fee expectations as well as Smith and her attorneys' ex ante estimation of the value of the case. *See Forbush v. J.C. Penny Co.*, 98 F.3d 817, 824 (5th Cir. 1996) ("The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." (quoting *Johnson*, 488 F.2d at 718)).

    Accordingly, taking the *Johnson* Factors into account, the Court holds that the lodestar amount should be reduced to $115,000. The Court finds that this amount reasonably represents the value that Smith and her attorneys originally placed on legal representation in this case, and further reasonably reflects the amount of legal acumen and effort necessary to litigate Smith's successful retaliation claim.

## CONCLUSION

Accordingly, for the reasons given above, the Court declines to award Smith front pay damages but awards Smith $115,000 in attorneys' fees.[3]

Signed May 13, 2008.

_____
David C. Godbey
United States District Judge

---

[3]The Court does not award costs by motion. As the prevailing party, Smith may file a bill of costs in the ordinary course. *See* FED. R. CIV. P. 54(d)(1).

ORDER – PAGE 6